UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

PARIS KING-MALONE,                   )        CASE NO.  1:26-cv-01110
                                     )
         Plaintiff,                  )        JUDGE BRIDGET MEEHAN BRENNAN
                                     )
    v.                               )
                                     )
CITY OF CLEVELAND, *et al.*,         )        **MEMORANDUM OPINION**
                                     )        **AND ORDER**
         Defendants.                 )

Before the Court is *pro se* Plaintiff Paris King-Malone's ("Plaintiff" or "King-Malone")

Verified Complaint ("Complaint") against the City of Cleveland, Cleveland Municipal Court

Judge Sheila Turner-McCall, Prosecutor Matthew Bezbatchenko ("Bezbatchenko"), University

Hospitals Health System, Inc. ("University Hospitals"), Cuyahoga County, the Ohio Department

of Mental Health and Addiction Services ("OMHAS"), and the Alcohol, Drug Addiction and

Mental Health Services Board of Cuyahoga County ("ADAMHS Board").  (Doc. 1.)  Plaintiff

also seeks to proceed *in forma pauperis* (Doc. 2), which is GRANTED.  For the reasons stated

herein, the Complaint is DISMISSED pursuant to 28 U.S.C. §1915(e).

## I.      BACKGROUND

King-Malone is the spouse of Zyquantiyon Malone ("Malone").  (Doc. 1, PageID # 3, at

¶ 1.)  She claims Malone has been diagnosed with schizophrenia, bipolar disorder, PTSD,

intermittent explosive disorder, personality disorder, and substance abuse disorder.  (*Id*. at ¶ 2.)

She acknowledges Malone uses methamphetamine but claims it is only "to quiet the

voices . . . who direct him to do things he would not otherwise do." (*Id.*, PageID # 8, at ¶ 5.) She also claims to have been diagnosed with bipolar disorder, PTSD, anxiety, and depression. (*Id.*, PageID # 18, at ¶ 4.)

### A. Malone Faces Multiple Criminal Proceedings

On February 21, 2025, Malone was arrested and indicted in the Cuyahoga County Court of Common Pleas with having a weapon under disability, carrying a concealed weapon, improperly handling a firearm in a vehicle, and receiving stolen property. *State v. Malone*, Cuyahoga C.P., Case No. CR-25-701851-A (May 13, 2025, Docket Entry.)[1] On April 29, 2026, he pleaded guilty to having a weapon under disability in exchange for dismissal of the remaining charges. (*Id.* at April 29, 2026, Docket Entry.) The Court sentenced him to one and one-half years of community control supervision. (*Id.*) As a condition of his release, he was referred for a substance abuse assessment. (*Id.*)

On June 30, 2025, Malone was charged in the Cleveland Municipal Court with aggravated menacing and criminal endangering. *State v. Malone*, Cleveland Mun. Ct., Case No. 2025-CRB-5792 (June 30, 2025, Docket Entry.) This case is assigned to the domestic violence docket, and Plaintiff claims she is one of the victims. (Doc. 1-18, PageID # 102.) Judge Turner-McCall is assigned to this case. (*Id.*)

Plaintiff objected to Malone's case being assigned to Judge Turner-McCall. (Doc. 1, PageID # 7, at ¶ 1.) She indicates Judge Turner-McCall recused herself in two prior cases, one brought against Plaintiff and the other brought against her mother. (*Id.*) She claims when she saw Judge Turner-McCall was assigned to Malone's case, she objected to the court and to

---

[1] The Court is permitted to take judicial notice of public records whose contents prove facts whose accuracy cannot be reasonably questioned. *See Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005).

Malone's public defender, and asked Judge Turner-McCall to recuse herself.  (*Id.*)  Judge

Turner-McCall declined to do so, and King-Malone filed a complaint with the Ohio Office of

Disciplinary Counsel.  (*Id.*; *see* Doc. 1-18.)  This complaint was dismissed.  (Doc. 1-18, PageID

# 102-03.)

Plaintiff has appeared in the Cleveland Municipal Court to advocate for Malone's mental

health treatment on multiple occasions.  (Doc. 1, PageID # 3, at ¶ 4; *id.*, PageID # 9, at ¶ E.1.)

She claims Bezbatchenko and one of his colleagues asked her to drop the disciplinary complaint

against Judge Turner-McCall as it would interfere with their ability to prosecute the case and

seek treatment for Malone.  (*Id.*, PageID # 9, at ¶ D.2.)  They also asked her to stop attending

court because she was disrupting the proceedings by arguing with Judge Turner-McCall.  (*Id.* at

¶ D.1.)  She claims she disagreed with this advice but voluntarily stopped attending.  (*Id.*)

King-Malone alleges that as a condition of Malone's release on bond pending trial, Judge

Turner-McCall imposed a no-contact order prohibiting him from having any contact with his

victims, including King-Malone.  (*Id.*, PageID # 7, at ¶ 3.)  Malone did not obey the no-contact

orders.  (*Id.*, PageID # 11, at ¶ 5.)  This case was dismissed on June 16, 2026.  *See* Case No.

2025-CRB-5792 (June 16, 2026, Docket Entry.)

### B.      Malone's Release from Jail and Subsequent Arrest

On May 1, 2026, Plaintiff claims Malone was released from jail with nowhere to go, no

medication, and no medical insurance.  (Doc. 1, PageID # 11, at ¶ 1.)  She asserts no inpatient

facility would accept him without insurance or a court order.  (*Id.* at ¶ 3.)  As a result, she

allowed Malone to violate Judge Turner-McCall's no-contact order by living with her.  (*Id.* at ¶

5.)

Plaintiff claims that on May 4, 2026, police found Malone naked and screaming in the street. (*Id.* at ¶ 2.) Officers took him to University Hospitals where he was "pink slipped" for psychiatric evaluation. (*Id.*, PageID # 12, at ¶ 10.) On May 7, 2026, while he was still under involuntary commitment, Malone was arrested and charged with aggravated murder, murder, five counts of felonious assault, and having a weapon under disability, for crimes that occurred on May 4, 2026. *See State v. Malone*, Cuyahoga C.P., Case No. CR-26-712083-A (May 18, 2026, Indictment.) Around this time, University Hospitals physicians concluded Malone did not require inpatient psychiatric admission but instead required substance use treatment. (Doc. 1, PageID # 12, at ¶ 11.) They recommended participation in a substance abuse treatment program. (*Id.*) Plaintiff disagrees with this proposed treatment. She continues to assert Malone should receive inpatient mental health treatment in lieu of or in addition to criminal prosecution.

### C.    Procedural History

On May 13, 2026, King-Malone filed her Verified Complaint *pro se*. (Doc. 1, PageID # 31.) She asserts the following eight counts: (1) Judge Turner-McCall retaliated against her in violation of the First Amendment by refusing to recuse herself from Malone's case and by imposing no-contact orders between her and Malone; (2) Judge Turner-McCall, Bezbatchenko, and University Hospitals violated her due process rights under the Fourteenth Amendment by violating Ohio's Marsy's Law; (3) the City of Cleveland discriminated against her under the Americans with Disabilities Act ("ADA") by refusing to allow her to advocate for Malone in court; (4) Judge Turner-McCall, Bezbatchenko, the City of Cleveland, and University Hospitals retaliated against her for requesting Malone receive a mental health evaluation and inpatient treatment; (5) Judge Turner-McCall and the City of Cleveland manufactured a state created danger to others concern by releasing Malone without securing housing or inpatient treatment;

(6) Cuyahoga County was deliberately indifferent to Malone's serious medical needs under 42 U.S.C. § 1983; (7) OMHAS and the Cuyahoga County ADAMHS Board violated the ADA integration mandate by failing to provide Malone with proper treatment; and (8) declaratory relief under the Fourteenth Amendment related to Malone's criminal proceedings.  (*Id.*, PageID # 19-29.)  She seeks various forms of relief, including compensatory, nominal, and punitive damages, declaratory relief, and injunctive relief "remedying the injuries alleged in Counts Five, Six, and Seven."  (*Id.*, PageID # 29-30, at ¶¶ 1-8.)

## II.     ANALYSIS

### A.     Legal Standards

*Pro se* pleadings are liberally construed.  *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551, (1982) (per curiam).  But such liberal construction is not without limits.  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Liberal construction does not "abrogate basic pleading essentials in *pro se* suits."  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Nor does it allow district courts to conjure up allegations, draw unsupported inferences, or construct claims on a *pro se* plaintiff's behalf.  *See Erwin v. Edwards*, 22 F. App'x 579 (6th Cir. 2001); *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

District courts are required to dismiss *in forma pauperis* actions under 28 U.S.C. §§ 1915(e) and 1915A if the complaint fails to state a claim upon which relief can be granted or lacks an arguable basis in law or fact.  *See Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  To avoid a dismissal for failure to state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct.

1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under §§ 1915(e) and 1915A). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Iqbal*, 556 U.S. at 678.

In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998). When done, a plaintiff can plead herself out of federal courts if the allegations presented demonstrate a bar to relief. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) ("sometimes the allegations in the complaint affirmatively show that the claim" is deficient or disallowed as a matter of law.); *see also Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) ("A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief.") (citing *Twombly*, 550 U.S. at 561-64).

### B.      Standing

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Where the plaintiff has no Article III standing to bring a case, jurisdiction is lacking and the Court must dismiss it. *TCG Detroit v. Dearborn*, 206 F.3d 618, 622 (6th Cir. 2000). To have standing, a plaintiff must allege "(1) an injury in fact (2) that's traceable to the defendant's conduct and (3) that the courts can redress." *Gerber v. Herskovitz*, 14 F.4th 500, 505 (6th Cir. 2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

"[G]enerally, a litigant may not sue to protect the constitutional rights of a third party." *Moody v. Michigan Gaming Control Bd.*, 847 F.3d 399, 402 (6th Cir. 2017) (citing *Kowalski v. Tesmer*, 543 U.S. 125, 129, 125 S. Ct. 564, 160 L. Ed. 2d 519 (2004)).  A party must assert her own legal rights and interests and cannot rest her claim to relief on the legal rights or interests of third parties.  *Warth v. Seldin*, 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975); *Allstate Ins. Co. v. Wayne Cnty.*, 760 F.2d 689, 693 (6th Cir. 1985).  This bar, however, is not absolute.  *Kowalski*, 543 U.S. at 129.  A plaintiff may raise a constitutional claim on behalf of a third party if she can prove "(1) injury-in-fact to the plaintiff, (2) a close relationship between the plaintiff and the third party whose rights he asserts, and (3) a hindrance preventing the third party from raising his own claim." *Moody*, 847 F.3d at 402.

Plaintiff lacks standing to raise any claims that rest on a violation of Malone's rights. She does not assert Malone is unable to raise his own claims *pro se* or through counsel. *Lathfield Invs., LLC v. Lathrup Vill.*, 136 F.4th 282, 294 (6th Cir. 2025), *cert. denied sub nom.*, 146 S. Ct. 368, 223 L. Ed. 2d 197 (2025) ("[W]e see no indication that the tenants face any obstacle in litigating their rights themselves.").

This bar applies to Counts Five, Six, and Eight.  Count Five alleges Judge Turner-McCall and the City of Cleveland produced a state-created danger under 42 U.S.C. § 1983 by imposing several no-contact orders on Malone and failing to order a mental health evaluation or treatment. (Doc. 1, PageID # 23-24, at ¶¶ 1-7.)  Although Plaintiff alleges injuries of loss of consortium and emotional distress, along with a spousal relationship to Malone, she does not demonstrate how Malone is prevented from raising this claim himself.  She also fails to explain how she is permitted to raise this claim on his behalf *pro se*.  "Although 28 U.S.C. § 1654 provides that '[i]n all courts of the United States the parties may plead and conduct their own cases personally or by

counsel,' that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (collecting cases).[2] Plaintiff lacks standing to bring this claim.

Count Six similarly fails. Here, Plaintiff alleges deliberate indifference under 42 U.S.C. § 1983 against Cuyahoga County because Malone was held in the Cuyahoga County Jail without access to antipsychotic medication and substance-use treatment. (Doc. 1, PageID # 25-26, at ¶¶ 1-6.) While she claims injuries of uncompensated medical advocacy and emotional distress, she fails to explain why Malone is barred from bringing this claim himself. (*Id.*, PageID # 26, at ¶ 6.) Plaintiff is also unable to raise this claim on Malone's behalf *pro se*. *Shepherd*, 313 F.3d at 970. The fact that she may be collaterally affected by the adjudication of Malone's rights does not extend the Court's Article III powers to her. *Allstate Ins. Co.*, 760 F.2d at 692. This claim also fails for lack of standing.

Lastly, Plaintiff asks the Court to declare that the state court's existing verdict structure violates Malone's right to due process. (Doc. 1, PageID # 28, at ¶ 5.) As stated above, Plaintiff lacks standing to assert a violation of her husband's due process rights, even in this case where she claims she is experiencing emotional injuries through Malone's criminal proceedings. *Lathfield Invs.*, 136 F.4th at 294. She has not demonstrated how Malone is prevented from raising this claim himself. *Moody*, 847 F.3d at 402.

Notwithstanding, the Declaratory Judgment Act provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "The Declaratory Judgment Act is procedural in nature and 'does not create

---

[2] Plaintiff's supporting case law are unpersuasive because each authority involves claims litigated by third parties—represented by counsel—on behalf of minors or deceased parties. (Doc. 1, PageID # 23, at ¶ 1.)

an independent cause of action' that can be invoked absent some showing of an articulated legal wrong." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 948 (6th Cir. 2020) (quoting *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007)).  Therefore, "[a] request for declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred." *Int'l Ass'n of Machinists & Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997).  Plaintiff lacks standing to seek declaratory relief premised on allegations that Malone's rights have been violated.

### C.      Count One: First Amendment Retaliation

To state a *prima facie* case for retaliation prohibited by the First Amendment, a plaintiff must establish: (1) she engaged in protected conduct; (2) an adverse action was taken against her that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that a causal connection exists between the first two elements.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

Plaintiff alleges she engaged in protected speech by objecting to Judge Turner-McCall's presiding over Malone's case and by filing a grievance with the Ohio Office of Disciplinary Counsel.  (Doc. 1, PageID # 19, at ¶ 1.)  She asserts Judge Turner-McCall retaliated against this speech by refusing to recuse herself, imposing multiple no-contact orders, denying her victim and spousal rights, and by issuing a warrant for Malone's arrest.  (*Id.* at ¶ 2.)  To start, it is unclear whether it is a constitutionally protected right to file a disciplinary complaint against a judge presiding over a criminal case in which she is not a party.  Even so, Judge Turner-McCall's alleged adverse actions were not taken against Plaintiff.  She is not a party to Malone's case in the Cleveland Municipal Court.  If Judge Turner-McCall's refusal to recuse had an adverse impact on any party, it would be Malone.  Plaintiff also does not allege facts to support

even the inference that Judge Turner-McCall's judicial determinations were adverse actions taken against Plaintiff. She also fails to state what spousal and victim rights were denied by Judge Turner-McCall.

Plaintiff's causation allegations are also insufficient. To plead a *prima facie* case for retaliation, a plaintiff must establish that an "adverse action was motivated at least in part by [her] protected conduct." *Thaddeus-X*, 175 F.3d at 394. This element must be supported by "specific, nonconclusory allegations." *Id.* at 399. To be sure, Plaintiff alleges that Judge Turner-McCall's alleged retaliation occurred "[a]fter [her] protected speech." (Doc. 1, PageID # 19, at ¶ 2.) But Plaintiff also alleges that Judge Turner-McCall's refusal to recuse herself from Malone's criminal case came *before* Plaintiff filed her grievance with the Ohio Office of Disciplinary Counsel. It therefore could not have been motivated by it. Malone's warrant was also issued because he failed to appear. *See* Case No. 2025-CRB-5792 (September 10, 2025, Docket Entry.) Plaintiff has failed to establish a *prima facie* case for First Amendment retaliation.

### D. Count Two: Fourteenth Amendment Procedural Due Process

"The constitutional amendment known as Marsy's Law became effective on February 5, 2018, and expands the rights afforded to victims of crimes." *Brooks v. Werth*, No. 20-cv-38, 2020 WL 2615516, 2020 U.S. Dist. LEXIS 90859, at *6 (N.D. Ohio May 22, 2020) (citation omitted). Marsy's Law is designed to protect the interests of non-party victims while they navigate the criminal and juvenile justice systems. Ohio Const. Art. I § 10a. Article I, Section 10a of the Ohio Constitution provides "[t]his section does not create any cause of action for damages or compensation against the state, any political subdivision of the state, any officer, employee, or agent of the state or of any political subdivision, or any officer of the court." Ohio Const. Art. I § 10a(c).

Plaintiff alleges Judge Turner-McCall and the City of Cleveland violated her due process rights by failing to abide by Marsy's Law.  To Plaintiff, Marsy's Law gives her a protected liberty interest in participating in Malone's criminal proceedings.  (Doc. 1, PageID # 20, at ¶ 1.) As the alleged victim in Malone's aggravated menacing case, she also claims Marsy's Law gives her the right to advocate for him in court.  (*Id.* at ¶ 2.)  She contends Judge Turner-McCall violated this right by refusing to allow her to address the court and by refusing to recuse from Malone's case.  (*Id.* at ¶¶ 2-3.)  She also alleges the City of Cleveland maintains a policy of denying victims with mental-health disabilities the right to be heard.  (*Id.* at ¶ 2.)

Marsy's Law is a state law.  A state official's failure to abide by a state's own statutes and regulations does not, by itself, implicate constitutional due process concerns.  *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1423 (6th Cir. 1996).  If it did, every state statute and regulation would become a protected constitutional right.  *Id.* (quoting *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *overruled in part on other grounds*, *Thompson v. Keohane*, 516 U.S. 99, 111, 116 S. Ct. 457, 133 L. Ed. 2d 383 (1995)).  In addition, Section 1983 does not cover conduct allegedly violating state law.  *Huron Valley Hosp., Inc. v. Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989) (citing *Baker v. McCollan*, 443 U.S. 137, 146, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)).  Marsy's Law does not provide a private right of action.  *See* Ohio Const. Art. I § 10a(c).

### E.     Count Three: ADA Discrimination

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To establish a *prima facie* case of intentional discrimination under

Title II of the ADA, a plaintiff must show: "(1) she has a disability; (2) she is otherwise qualified; and (3) she was being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of her disability." *Anderson v. Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

Plaintiff alleges she is an individual with a disability, claiming she has been diagnosed with bipolar disorder, PTSD, anxiety, and depression. (Doc. 1, PageID # 3, at ¶ 3.) She also claims she is otherwise qualified and was excluded from participating in Malone's criminal proceedings because of "her own disability and [] association with her husband, who also has disabilities." (*Id.*, PageID # 21, ¶¶ 1-2.) *Id.* But Plaintiff alleges that she voluntarily stopped attending Malone's court proceedings. (*Id.*, PageID # 9, at ¶ D.1.) While there are allegations Judge Turner-McCall denied Plaintiff an opportunity to speak in court (*id.*, PageID # 8, at ¶ 4), and Plaintiff's objection to Judge Turner-McCall being assigned to the case (*id.*, Page ID # 7, at ¶ 1), noticeably absent are any factual allegations to support an inference these judicial determinations were because of Plaintiff's disabilities. *Keller v. Chippewa Cnty., Michigan Bd. of Comm'rs*, 860 F. App'x 381, 386 (6th Cir. 2021); *Iqbal*, 556 U.S. at 678.

### F. Count Four: ADA Retaliation

To state a *prima facie* claim for retaliation under the ADA, a plaintiff must plead facts demonstrating: (1) the plaintiff engaged in activity protected by the ADA; (2) the defendant knew of that activity; (3) the defendant took an adverse action against the plaintiff; and (4) the adverse action was caused or motivated by the protected activity. *Rorrer v. Stow*, 743 F.3d 1025, 1046 (6th Cir. 2014) (citing *A.C. v. Shelby Cnty. Bd. of Educ.*, 711 F.3d 687, 697 (6th Cir. 2013)).

Plaintiff claims she engaged in protected activity under the ADA by requesting an evaluation and inpatient treatment of Malone.  (Doc. 1, PageID # 22, at ¶¶ 1-2.)  She alleges the City of Cleveland, Judge Turner-McCall, Bezbatchenko, and University Hospitals each retaliated against her because she made these requests.  (*Id.* at ¶¶ 2-5.)

A "protected activity" is an "action taken to protest or oppose a statutorily prohibited discrimination."  *Pemberton v. Bell's Brewery, Inc.*, 150 F.4th 751, 767 (6th Cir. 2025), *cert. denied*, No. 25-6798, 2026 WL 1640855 (June 8, 2026) (citing *Rorrer*, 743 F.3d at 1046).  Despite Plaintiff's assertion to the contrary, her request for an evaluation and inpatient treatment for Malone is not a protected activity under the ADA.  (Doc. 1, PageID # 22, at ¶ 1.)  She does not characterize her requests as taken to protest or oppose prohibited discrimination.  *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 814 (6th Cir. 1999) (no protected activity where behavior was not "a protected means of opposing an act or practice made illegal by the ADA").

Plaintiff also fails to allege any adverse action taken against her.  After requesting treatment for Malone, Betzbatchenko discouraged her from participating in court proceedings.  (Doc. 1, PageID # 22, at ¶ 3.)  She voluntarily did so, while also claiming she stopped attending Malone's proceedings "because [Judge Turner-McCall] and I kept arguing."  (*Id.*, PageID # 9, at ¶ D.1.)  That the City of Cleveland denied Malone a health evaluation and University Hospitals produced an alleged "false assessment" of Malone's health also appear to be claims raised on behalf of Malone, not Plaintiff.  (*Id.*, PageID # 22, at ¶ 4.)  As discussed above, Plaintiff does not have standing to bring these claims because she has not demonstrated Malone is unable to raise them on his own behalf.  *Lathfield Invs.*, 136 F.4th at 294.  She also cannot raise these claims on his behalf *pro se*.  *Shepherd*, 313 F.3d at 970.

### G.      Count Seven: ADA Integration Mandate

"Unjustified isolation . . . is properly regarded as discrimination based on disability." *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 597, 119 S. Ct. 2176, 144 L. Ed. 2d 540 (1999). Under Title II of the ADA, states are required to provide community-based treatment for persons with mental disabilities when "the State's treatment professionals determine that such placement is appropriate, the affected persons do not oppose such treatment, and the placement can be reasonably accommodated, taking into account the resources available to the State and the needs of others with mental disabilities." *Id.* at 607.  This "integration mandate" provides that "[a] public entity shall administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities."  28 § C.F.R. 35.135(d). "[P]laintiffs can state a claim for violation of the integration mandate by showing that they have been placed at serious risk of institutionalization or segregation." *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 460 (6th Cir. 2020).

Plaintiff does not raise a cognizable claim for violation of the ADA's integration mandate.  It is unclear whether she presents this claim on her own or on behalf of Malone.  If she raises this claim on behalf of Malone, she does not appear to have standing to do so. *Lathfield Invs.*, 136 F.4th at 294.  She also does not allege either Malone or herself are unjustifiably placed at a serious risk of institutionalization or segregation. *Waskul*, 979 F.3d at 460.  Plaintiff disputes the characterizations of Malone's mental health diagnoses and suggested treatment by medical professionals (Doc. 1, PageID # 13, at ¶ 17), but the alleged dispute does not sufficiently state a claim for violation of the ADA's integration mandate.

## III.    CONCLUSION

For the reasons stated herein, *pro se* Plaintiff Paris King-Malone's Verified Complaint is

DISMISSED in its entirety pursuant to 28 U.S.C. § 1915(e).  The Court further CERTIFIES,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good

faith.


**IT IS SO ORDERED.**


Date:   July 28, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE